IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY ANDERSON, <br>         **Plaintiff,** <br><br> v <br> **ALLEGHENY CORRECTIONAL HEALTH SERVICES, ALLEGHENY COUNTY**, **DANA PHILLIPS** *individually and in her official capacity as President of Allegheny Correctional Health Services Inc.* and **KIMBERLY M. WILSON** *individually and in her official capacity as Director of Nursing for Allegheny Correctional Health Services Inc.* <br>         **Defendants.** | ) <br> ) <br> ) <br> ) <br> )  2:12-cv-1323 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court are the MOTION TO DISMISS (Document No. 15) filed by Defendants Allegheny Correctional Health Services, Inc. ("ACHS"), Dana M. Phillips and Kimberly Mike-Wilson (collectively, the "Medical Defendants"); and the MOTION TO DISMISS (Document No. 17) filed by Defendant Allegheny County (the "County"). Defendants have filed briefs in support of their respective motions (Document Nos. 16, 18); Plaintiff Sherry Anderson has filed responses and briefs in opposition to the motions (Document Nos. 19-22); the Medical Defendants have filed a reply brief (Document No. 23); and the motions are ripe for disposition.

Factual and Procedural Background

This is the second round of motions to dismiss in this case. After Defendants filed motions to dismiss the original Complaint, Plaintiff filed a First Amended Civil Action Complaint (Document No. 14) in lieu of a response to the motions. Defendants now seek dismissal of the Amended Complaint in its entirety.

Plaintiff Anderson is a Registered Nurse who was employed by ACHS to care for inmates in the Allegheny County Jail ("ACJ"). Defendant Phillips is the President and Chief Operating Officer of ACHS. Defendant Mike-Wilson[1] is the Director of Nursing for ACHS. The Amended Complaint asserts four causes of action: (1) wrongful discharge (violation of public policy) against all defendants; (2) wrongful discharge (Plaintiff's objections to a course of conduct that was plainly illegal) against all defendants; (3) violation of the Pennsylvania Whistleblower Statute against ACHS and the County; and (4) First Amendment Retaliation against all defendants. It appears that all parties are citizens of Pennsylvania and Counts 1-3 arise under Pennsylvania law. The only basis for original subject-matter jurisdiction in this Court is the First Amendment Retaliation claim in Count 4. Thus, that claim will be addressed first.

As pled in the Amended Complaint, Anderson began working as a Registered Nurse at the ACJ in March 2009 through an agency, and was hired by ACHS in December 2009. She was the full-time daylight charge nurse in the prison infirmary. Beginning in the spring of 2011, Anderson reported to Defendant Mike-Wilson, the Director of Nursing.

The First Amendment Retaliation claim is premised upon statements that Anderson allegedly made about the death of an inmate. Anderson has not pled any specific dates regarding this incident. As described in Amended Complaint ¶¶ 83-113, the inmate got into a fight with another inmate and was sent to the "hole." As Anderson was passing out medications, the inmate informed her that he had been coughing up blood and that no one would see him. The inmate allegedly also told Anderson that correctional officers had repeatedly called for medical assistance, but no medical personnel had seen him. After her shift, Anderson went to the infirmary and put the inmate on the priority list. The inmate allegedly still did not receive

---

[1] Mike-Wilson was identified in the caption of the Amended Complaint as "Kimberly M. Wilson."

medical attention. Eventually, Chris Marsh, another registered nurse, was contacted by corrections officers. Marsh sent Valerie Slepsky, a medical assistant, to assess the inmate's condition rather than doing it herself. The medical assistant determined (incorrectly) that the inmate was faking. At least one day later, the inmate was seen and sent to the hospital. The inmate "coded" in the emergency room and died in the intensive care unit of the hospital. The inmate had apparently suffered a punctured lung in the previously mentioned fight, which caused him to cough up blood.

Prior to the inmate's death, Anderson had complained to Mike-Wilson about the fact that a medical assistant (rather than a more-qualified person) had been sent to examine an inmate whom had been put on the priority list. Mike-Wilson told Anderson to mind her own business. After learning of the death of the inmate, Anderson repeated her complaints to Mike-Wilson's supervisor, Defendant Phillips. Phillips allegedly told Anderson to mind her own business; that she was no longer in charge of the infirmary; and if she wanted to keep her job, she had better keep her mouth shut.

After "some time had passed" and Anderson believed that nothing was going to be done about the inmate's death, Anderson told Phillips that she was going to call Ronald Vorhees at the Allegheny County Health Department unless an investigation was performed. "Plaintiff did not get a chance to call Ronald Vorhees, because she was fired less than a week later." Amended Complaint ¶ 113. Anderson contends that the stated reason for her discharge, namely, that she had gone outside the jail during her shift to smoke, was pretextual.

Anderson alleges that her advocacy of an investigation into the death of the inmate was a matter of public concern and that she had no affirmative duty to request such an investigation

pursuant to her job duties. Anderson alleges that her request for an investigation was a substantial factor in her termination.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)  When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step

approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See*

*Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

First Amendment Retaliation Claim

Defendants contend that Anderson has failed to plead a valid First Amendment Retaliation claim. In particular, the Medical Defendants argue that the alleged statements of Anderson were made during her employment as a registered nurse and related to the medical care of an inmate; and that Anderson did not raise her concerns to any person outside of ACHS. In addition, the County contends that Anderson has failed to plead a basis for municipal liability.

In order to plead a retaliation claim under the First Amendment, a plaintiff must allege "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Scavone v. Pennsylvania State*

*Police,* Slip Copy, 2012 WL 4857776 (3d Cir. October 15, 2012) (unpublished)  (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

As Plaintiff recognizes, speech by a public employee constitutes "protected activity" only if:  (1) the employee spoke as a citizen; (2) the speech involves a matter of public concern; and (3) the relevant government entity did not have an adequate justification for treating the employee differently from any other member of the general public.  *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).  If Anderson spoke as an employee rather than as a private citizen, then she has no First Amendment cause of action based on her employer's reaction to the speech.  *Id*.

The First Amendment Retaliation jurisprudence attempts to balance the constitutional liberties enjoyed by all citizens, including those employed by the government, with the interest of the government, in its role as an employer, to manage its operations and to provide efficient services.  "[W]hile the First Amendment invests public employees with certain rights, it does not empower them to "constitutionalize the employee grievance." *Id*. at 420 (citation omitted).  In *Garcetti*, the Supreme Court recognized that the exposure of governmental misconduct is important, and that mechanisms such as whistle-blower protection laws are available to protect those who seek to expose wrongdoing.  *Id*. at 425.  The Court rejected, however, "the notion that the First Amendment shields from discipline the expressions employees make pursuant to their professional duties." *Id*.

These principles are dispositive of the First Amendment Retaliation claim asserted by Anderson.  She has failed to plead a prima facie case because she has not established that she engaged in any constitutionally-protected activity.  Anderson has pleaded three instances in which she criticized the medical treatment provided to a particular inmate.   Each of her comments was made at her place of employment; and involved the medical care of an inmate

with whom she had interacted in the course of her duties as a nurse. It was Anderson who had placed the inmate on the priority list. Anderson was aware of the inmate and the alleged lack of treatment only by virtue of her job with ACHS. Moreover, the statements made by Anderson were addressed only to her immediate supervisor, and then to the next person up the ACHS chain-of-command. The Amended Complaint clearly avers that Anderson did not speak about the incident to any person(s) outside of ACHS. In sum, the Court concludes that Anderson was speaking as an employee rather than as a private citizen, and therefore, did not engage in constitutionally protected activity.[2] Accordingly, the motions to dismiss the First Amendment Retaliation claim (Count 4) will be **GRANTED**.[3]

State Law Claims

As the Supreme Court explained in *Garcetti*, it is important to expose governmental misconduct and mechanisms such as whistle-blower protection laws may protect employees who seek to expose such misconduct. *Id*. at 425. Anderson has asserted several such claims, all of which arise under Pennsylvania law. This Court expresses no opinion as to the validity of these claims.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." Indeed, the Court of Appeals has instructed that: "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*,

---

[2] The Court is not bound by the legally conclusory allegations in the Amended Complaint to the contrary.
[3] The Court need not reach the County's additional arguments regarding Anderson's failure to establish municipal liability, but notes that Anderson did not rebut the arguments of the County.

45 F.3d 780, 788 (3d Cir. 1995).  As explained above, this Court has dismissed the only claim over which it has original jurisdiction.  The case is in an early stage and considerations of judicial economy, convenience and comity favor resolution of the Pennsylvania law claims in the Pennsylvania state court system.  Thus, the Court will decline to exercise jurisdiction over the pendent state law claims.  These claims will be dismissed without prejudice and this federal case will be closed.

    An appropriate Order follows.

                                                      McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERRY ANDERSON,<br>        **Plaintiff,**<br><br>        v<br><br>ALLEGHENY CORRECTIONAL HEALTH SERVICES, ALLEGHENY COUNTY, **DANA PHILLIPS** *individually and in her official capacity as President of Allegheny Correctional Health Services Inc.* and **KIMBERLY M. WILSON** *individually and in her official capacity as Director of Nursing for Allegheny Correctional Health Services Inc.*<br>        **Defendants.** | ) ) ) ) ) 2:12-cv-1323 ) ) ) ) ) ) ) ) ) ) ) |

## ORDER OF COURT

AND NOW, this 7th day of January 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION TO DISMISS (Document No. 15) filed by Defendants Allegheny Correctional Health Services, Inc., Dana M. Phillips and Kimberly Mike-Wilson; and the MOTION TO DISMISS (Document No. 17) filed by Defendant Allegheny County are **GRANTED IN PART.** Count 4 of the First Amended Complaint is **DISMISSED WITH PREJUDICE.** The Court declines to exercise supplemental jurisdiction over Counts 1-3 of the Amended Complaint and they are **DISMISSED WITHOUT PREJUDICE.** The clerk shall docket this case closed.

                        BY THE COURT:

                        s/Terrence F. McVerry
                        United States District Judge

cc:    **Timothy M. Kolman, Esquire**
Email: timothykolman@earthlink.net

**Virginia Spencer Scott, Esquire**
Email: v.scott@me.com

**Stanley A. Winikoff, Esquire**
Email: swinikoff@winikofflaw.com